United States District Court
District of Massachusetts

```
_____
                              )
KEVIN MCGEE,                  )
        Plaintiff,            )
                              )
        v.                    )   Civil No.
                              )   12-10741-NMG
TOWN OF ROCKLAND ZONING BOARD,)
        Defendant.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Kevin McGee brought suit in Massachusetts Superior Court for Plymouth County against defendant Town of Rockland Zoning Board ("the Town") for denying him a license to sell used cars. The Complaint asserts five claims, including 1) intentional interference with contract, 2) tortious interference with plaintiff's use and enjoyment of his property, 3) improper means or motive, 4) economic harm and 5) denial of due process. Defendant timely removed the case to this Court on federal question grounds. Plaintiff has filed an opposition to removal, which this Court treats as a motion to remand, and an emergency motion for a preliminary injunction. Defendant has moved to dismiss the case for failure to state a claim and lack of subject-matter jurisdiction.

**I.   Motion to Remand**

Section 1441 of Title 28 of the United States Code permits a defendant in a state court action to remove the case to federal court if it could have been filed there in the first instance, i.e., if the case presents a federal question, 28 U.S.C. § 1331, or if the parties are of diverse citizenship, 28 U.S.C. § 1332. Where, as here, a complaint recites a claim ostensibly arising under the United States Constitution, removal is proper unless 1) the federal question "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or 2) the federal claim "is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83 (1946).  The Seventh Circuit has expounded upon the importance of distinguishing between "essentially fictitious" claims which do not warrant the exercise of federal jurisdiction and those which present colorable, if dubious, bases for relief, finding the process "essential if the federal courts are to remain tribunals of limited jurisdiction." Goros v. County of Cook, 489 F.3d 857, 860 (7th Cir. 2007).

This case presents the uncommon situation in which it is proper to remand a case on the grounds that the claim relied on to support federal jurisdiction is insubstantial and frivolous. Plaintiff's due process claim reads, in pertinent part:

> 2. Plaintiff alleges that the Defendant's actions in denying him his used car license have been brought about by his denial of Due Process within the meaning of the term "fundamental fairness;"

> 3. Plaintiff also alleges that the Defendant[s] lack of fairness in denying him his used car license falls well within the penumbra of rights described in the Due Process Clause of the United States Constitution.
>
> 4. Plaintiff further alleges that the Defendant's conduct in denying him Due Process is nothing more than a ruse used to disguise their real intention of acquiring his property for their own benefit.

Plaintiff uses terms of art such as "fundamental fairness" and "penumbra" to cloak what is otherwise a "bare allegation of a violation of due process," which, under Bell, "is not sufficient to confer federal jurisdiction." Warrington Sewer Co. v. Tracy, 463 F.2d 771, 772 (3d Cir. 1972) (per curiam); see also Daggett v. Key, 123 F. App'x 721, 723 (7th Cir. 2005) (affirming district court's dismissal for lack of subject-matter jurisdiction because the plaintiff did "nothing more than apply the words 'due process' and 'conspiracy' to what are plainly state claims"); Coca-Cola Co. v. F.T.C., 475 F.2d 299, 303-04 (5th Cir. 1973) (explaining that a claim does not warrant the exercise of federal jurisdiction merely because it is framed in conclusory language of a denial of due process). The dispute at hand is a local one between Mr. McGee and the Town of Rockland over the denial of a license to sell used cars. Mr. McGee's incantation of the catch-all concept of "due process" does not magically transform it into a matter of federal law warranting review by a federal court.

Because plaintiff raises no question of federal law that would confer federal subject-matter jurisdiction over this

matter, the Complaint will be remanded to the Massachusetts Superior Court for Plymouth County. Defendant's motion to dismiss and plaintiff's emergency motion for a preliminary injunction will be denied without prejudice so that the issues raised therein can be addressed in the state forum. See Greeney v. Ctr. for Human Dev., Inc., 725 F. Supp. 2d 259, 259, 264 (D. Mass. 2010) (deeming it "imprudent" to address the merits of pending motions after having ordered the case remanded for lack of subject-matter jurisdiction).

**ORDER**

In accordance with the foregoing,

1) Plaintiff's opposition to removal (Docket No. 5) is treated as a motion to remand and **ALLOWED;** and

2) Plaintiff's emergency motion for a preliminary injunction (Docket No. 6) and defendant's motion to dismiss (Docket No. 7) are **DENIED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 8, 2012